UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MILANA DRAVNEL,

                *Plaintiff,*

     – against –

OSCAR DE LA HOYA and JOHN AND/OR JANE DOES 1 & 2,

                *Defendants.*

------------------------------------------------------------X



JUDGE SWAIN

07 CV 10406

Case No.:

**NOTICE OF REMOVAL**



RECEIVED NOV 16 2007 U.S.D.C. S.D.N.Y. CASHIERS

    **PLEASE TAKE NOTICE** that, on this date, Defendant Oscar De La Hoya, by his undersigned counsel, has filed this Notice of Removal pursuant to 28 U.S.C. § 1446(a), in the Office of the Clerk of the United States District Court for the Southern District of New York.

    Defendant Oscar De La Hoya ("Defendant"), through his undersigned attorneys, shows:

    1.    Plaintiff Milana Dravnel ("Plaintiff") brought an action in the Supreme Court of New York State, New York County, filing a Summons and Complaint on November 15, 2007. A true copy of the Summons and Complaint, Index No. 07-115321, is annexed hereto as Exhibit A.

    2.    Although Defendant has not been served with process in this action, and may contest personal jurisdiction of the Court, and reserves the right to do so, Defendant's counsel obtained a copy of the Summons and Complaint from the Clerk of the New York State Supreme Court, County of New York, on November 16, 2007.

    3.    To Defendant's knowledge, there have been no other proceedings in the above-captioned action.

    4.    On information and belief, Plaintiff is a citizen of the State of New York (as identified in the Complaint).

5.  Notwithstanding the Complaint's allegation that the Defendant is resident of New York State, Defendant is in fact a citizen of the Commonwealth of Puerto Rico, which is deemed a "State" for purposes of diversity jurisdiction pursuant to 28 U.S.C. 1332(e). Moreover, Defendant is not even a resident of New York State, in that Defendant does not own or rent real property in the State of New York, or otherwise maintain a residence within the State of New York. Furthermore, the presence of John and/or Jane Doe Defendants does not destroy diversity jurisdiction. *See* 28 U.S.C. 1441(a), which provides in relevant part: "* * * For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." *See also Bowen v. Home Depot*, Case No. No. 01-CV-2411, 2001 WL 920263, at *1 (E.D.N.Y. 2001) ("[T]he citizenship of a fictitious defendant, such as one named as a John Doe, may be ignored in determining whether the requisite diversity exists. So as long as there is complete diversity between each plaintiff and each of the known and named defendants, the case may be removed.") (Citation omitted).

6.  The amount in controversy, as asserted by Plaintiff, is in excess of $75,000.

7.  This Court would have had original jurisdiction of the matter pursuant to 28 U.S.C. § 1332.

8.  This matter is therefore properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

9.  This notice is timely filed pursuant to 28 U.S.C. § 1446(b), as thirty days have not yet elapsed since the date upon which Defendant's counsel obtained a copy of the Summons and Complaint from the Clerk of the New York State Supreme Court, New York County.

**PLEASE TAKE FURTHER NOTICE** that Defendant, upon filing the Notice of Removal in the Office of the Clerk of the United States District Court for the Southern District of New York, has also filed copies of the Notice with the Clerk of the Supreme Court of New York State, New York County, to effect removal of this action to the United States District Court pursuant to 28 U.S.C. § 1446(a).

Dated: New York, New York
      November 16, 2007

                      Yours etc.,

                        JUDD BURSTEIN, P.C.

By:    Judd Burstein, Esq. (JB-9585)
        1790 Broadway, Suite 1501
        New York, New York 10019
        Tel:   (212) 974-2400
        Fax:  (212) 974-2944

        – AND –

        GREENBERG GLUSKER
        Bert Fields, Esq.
        Jeffrey Spitz, Esq.
        1900 Avenue of the Stars
        21st Floor
        Los Angeles, California 90067
        Tel: 310-553-3610
        Fax: 310-553-0687

EXHIBIT A

```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------X    Index No.
MILANA DRAVNEL,                              Date Purchased: 07115321

                    Plaintiff,               SUMMONS

      -against -                             Plaintiff designates
                                             NEW YORK COUNTY as the    NEW
OSCAR DE LA HOYA and John and/or Jane        place of trial.           YORK
Does 1 & 2,                                  Venue is based on
                                             residence of
                    Defendants.              Plaintiff.
----------------------------------------X
```

TO THE ABOVE NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your Answer within twenty (20) days after the service of this Summons, exclusive of the day of service [or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York]; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated:   New York, New York
         November 14, 2007

                                    Yours etc.,

                                    BY: [signature]
         FILED                      SALVATORE STRAZZULLO, ESQ
                                    STRAZZULLO LAW FIRM
         NOV 15 2007                Attorney for Plaintiff
         NEW YORK                   100 Park Avenue
         COUNTY CLERK'S OFFICE      Suite 1600
                                    New York, New York 10017
                                    800-476-9993

PLAINTIFF'S ADDRESS:                DEFENDANT'S ADDRESS:
1356 65th Street                    Oscar De La Hoya
Brooklyn, New York                  713 N Star
                                    Big Bear, CA 92315

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------X
MILANA DRAVNEL,

               Plaintiff,

  -against -

OSCAR DE LA HOYA and John and/or Jane
Does 1 & 2 ,

               Defendants.
----------------------------------------X

Index No.

**VERIFIED**
**COMPLAINT**

07115321

FILED
NOV 15 2007
COUNTY CLERKS OFFICE
NEW YORK

    Plaintiff, by her attorneys, STRAZZULLO LAW FIRM, as and for her complaint against the Defendants, alleges, upon information and belief and at all times hereinafter mentioned, as follows:

    1.   Plaintiff is a resident of the County of Kings, State of New York.

    2.   Defendants John and/or Jane Doe are resident of the County of New York, State of New York.

    3.   Defendant OSCAR DE LA HOYA was and still is a resident of the County of New York, State of New York

    4.   That on or about January 2006 through May 2007 Defendant OSCAR DE LA HOYA and Plaintiff had an intimate relationship.

    5.   That on or about January 2006 through May 2007 Plaintiff had a personal relationship with Defendant Oscar De La Hoya.

6. On or about May 17, 2007 there were photographs taken of the defendant, Oscar De La Hoya. The photographs were taken at the Ritz-Carlton in Philadelphia, State of Pennsylvania.

7. Plaintiff appeared on a live show on Entertainment Tonight to discuss the pictures and the events which took place between her self and defendant Oscar De La Hoya on or about May 2007.

8. On or about September 2007, the photographs that were taken by Plaintiff's camera are authentic as they were sold to x17online for publication below market value.

9. Subsequently thereafter and after meeting with defendant's Oscar De La Hoya's representatives, the Plaintiff was forced to recant what was stated at her previous interview with Entertainment Tonight regarding the photographs. Plaintiff contacted the Daily News newspaper while she was in a meeting with Mr. De La Hoya's representatives and his "spin" press who coached her in her statement to the Daily News.

10. Further the defendants claimed that there were FBI detectives who were interested in speaking with the Plaintiff regarding the interview and photographs.

11. That on or about September 23, 2007 Plaintiff entered into an agreement with Stephen Espinoza, as

authorized representative of Oscar De La Hoya (hereinafter referred to as the "Agreement".)

12. The agreement was one-sided and essentially written so Plaintiff would not enter "into any agreement with any third party regarding [defendant Oscar De La Hoya] or any photograph or image purporting to depict the defendant, other than x17."

13. Defendant Stephen Espinoza, who signed Defendant's Oscar De La Hoya's name as authorized representative and my friend were present during the execution of the agreement. Mr. De La Hoya was not present during the execution of the agreement

14. There was no consideration for entering into this agreement with the defendants.

15. There was no negotiation of said agreement. That Plaintiff was not represented by an attorney during the execution of the agreement. However, the only addition to the agreement that Plaintiff made was that it is subject to review by her review attorney.

16. There was no consideration for the Agreement with the Defendants.

### FIRST CAUSE OF ACTION - FRAUD

17. On or about September 2007 defendants represented to Plaintiff that Plaintiff will publicly recant and

retract her prior public statements regarding Oscar De La Hoya and not sell the photographs. Further, the representatives claimed that they would indemnify the Plaintiff and they would not file any lawsuits arising from the initial sale of the photographs. The agreement stated that if there was any breach of violation of the agreement that they would be entitled to liquidated damages.

18. In the interim, the image of the Plaintiff was ruined as she was coerced to recant to the Daily News her prior truthful public statements. Plaintiff's image has been tarnished and was portrayed as a liar to the press.

19. All of these representations were false and were made to induce Plaintiff to refrain from making any further public statements concerning the pictures taken of Oscar De La Hoya. The Plaintiff has not been able to speak for herself and reclaim her image. If she did, she would be in violation of the agreement. These false representations were made to enable, STEPHEN ESPINOZA, as authorized representative and Oscar De La Hoya to more easily diminish the Plaintiff's stature and destroy her reputation.

20. At the times these representations were made, Defendants had no intention of fulfilling these promises, and knew them to be false.

21. Reassured by Plaintiff's one year personal relationship with Oscar De La Hoya, Plaintiff relied on the foregoing representations by, *inter alia*, not making public statements concerning the pictures that were taken by her and her interview with Entertainment Tonight or its aftermath in order to protect her reputation, foregoing other employment opportunities that would have been available to her from not signing the agreement.

22. As a direct and proximate result of the Defendants knowing representations, Plaintiff has suffered monetary damages, as well as harm to her public reputation

23. That Defendants conduct was willful and malicious.

24. As a direct and proximate result of defendants' fraud, Plaintiff is entitled to compensatory damages in an amount to be determined at trial, but not less than $20 million.

SECOND CAUSE OF ACTION - TORTIOUS INTEFERENCE WITH CONTRACT

Plaintiff repeats, reiterates and re-alleges the allegations contained in paragraphs 1 through 24, supra, as if fully set forth here.

25. Plaintiff and Defendant had a personal relationship with defendant OSCAR DE LA HOYA from early 2006 through May 2007.

26. By acts described herein, Defendants and through their agents intentionally procured the execution of said Agreement in an effort to stonewall the Plaintiff's effort to sell the pictures taken by her from her own camera.

27. Defendants' conduct was willful and malicious.

28. As a direct and proximate result of these defendants' tortuous interference with entering into an Agreement with Defendant, Defendant is entitled to compensatory damages in an amount to be determined at trial, but not less than $20 million, and punitive damages in an amount to be determined at trial, but not less than $50 million.

### THIRD CAUSE OF ACTION - UNDUE INFLUENCE

Plaintiff repeats, reiterates and re-alleges the allegations contained in paragraphs 1 through 28, supra, as if fully set forth here.

29. Defendants had a confidential and/or fiduciary relationship with Plaintiff. Plaintiff and Defendant were in an intimate relationship from January 2001.

30. That Defendants' obtained Plaintiff's signature on said agreement by means of coercion.

31. That the coercion Defendants exerted upon Plaintiff deprived Plaintiff of free will.

32. That the influence Defendant exercised over Plaintiff amounted to a moral coercion, which restrained independent action and destroyed free agency, or which, by importunity which could not be resisted constrained the Plaintiff to do that which was against her free will and desire, but which she was unable to refuse.

33. That Plaintiff was in a mental condition such that she was completely dependent upon the representations and was unaware of the legal consequences of the transaction.

34. That based on the Doctrine of Constructive Fraud – the Defendants have the burden of proving by clear and satisfactory evidence that entering into the Agreement was freely and voluntarily made and that Defendants did not acquire the Plaintiff's signature by fraud, undue influence, or coercion.

35. That based on the doctrine of undue influence, the Court should grant an order rescinding the Agreement and granting Plaintiff damages in the amount of $20 million.

FOURTH CAUSE OF ACTION – DEFAMATION

Plaintiff repeats, reiterates and re-alleges the allegations contained in paragraphs 1 through 35, supra, as if fully set forth here.

36. Defendant's OSCAR DE LA HOYA subsequent statement to Entertainment Tonight is a broadcast which tends to expose Plaintiff to public hatred, contempt, ridicule or disgrace. Defendant in his interview stated that the pictures taken by Plaintiff with her own camera were photoshopped.

37. These statements are clearly defamatory and were purportedly disseminated to two prominent New York City publications, the New York Times and Entertainment Tonight.

38. These statements were clearly directed and there was no question that they pertained directly to Plaintiff.

39. These statements made by Defendants were false and had no basis and were made knowingly by defendant in reckless disregard of the truth.

40. Should these statements actually be published in all of the publications to which they were disseminated, Plaintiff stands to suffer a significant financial loss due to its damage to her goodwill and her reputation in the industry in an amount to be determined at trial.

FIFTH CAUSE OF ACTION - INFLICTION OF EMOTIONAL DISTRESS

Plaintiff repeats, reiterates and re-alleges the allegations contained in paragraphs 1 through 40, supra, as if fully set forth here.

41. Defendant's conduct would be intolerable to any ordinary member of the community.

42. Upon information and belief, defendant OSCAR DE LA HOYA, set up the meeting with his authorized representative and Plaintiff to scapegoat himself for conduct that he had done, it was well aware that such conduct would cause Plaintiff significant mental distress.

43. As a result of this outrageous conduct, Plaintiff suffered severe emotional distress.

44. Since the moment she was forced to recant her story with Daily News, Plaintiff as suffered from increased, severe levels of stress, anxiety and depression. She has been unable to work since the incident,

45. As a result thereof, Plaintiff has suffered substantial loss, including general and special damages, in an amount to be proven at trial of not less than $20 million.

46. Plaintiff is also entitled to punitive damages.

WHEREFORE, Plaintiff demands judgment against the Defendant for rescission of the Agreement;

   a. On the first cause of action against defendants Plaintiff is entitled to compensatory damages in an amount to be determined at trial, but not less than $20 million;

b. On the second cause of action against defendants Plaintiff Defendant is entitled to compensatory damages in an amount to be determined at trial, but not less than $20 million, and punitive damages in an amount to be determined at trial, but not less than $50 million;

c. On the third cause of action doctrine of undue influence, the Court should grant an order rescinding the Agreement and granting Plaintiff damages in the amount of $20 million;

d. On the fourth cause of action in an amount to be determined at trial;

e. the fifth cause of action including general and special damages, in an amount to be proven at trial of not less than $20 million.

f. together with attorneys' fees, and for such other relief as the Court may deem just and proper.

Dated: Brooklyn, New York
       November 14, 2007

                                      Yours, etc.,

                                      By: *[signature]*
                                      SALVATORE STRAZZULLO, ESQ.
                                      STRAZZULLO LAW FIRM
                                      Attorneys for Plaintiff
                                      100 Park Avenue
                                      Suite 1600
                                      New York, NY 10017
                                      800-476-9993

## VERIFICATION

STATE OF NEW YORK  )
                   )  ss.:
COUNTY OF KINGS    )

The undersigned, the PLAINTIFF named in the foregoing action, being duly sworn, says:

I have read the foregoing **VERIFIED COMPLAINT** subscribed by me and know the contents thereof, and the same is true of my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true.

_____
MILANA DRAVNEL

Sworn to before me this
14th day of November, 2007

_____
Notary Public

SALVATORE E. STRAZZULLO
Notary Public, State of New York
No. 02ST6104040
Qualified in Kings County
Commission Expires Jan. 12, 2008