UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MILANA DRAVNEL,

              *Plaintiff*,

  – against –

OSCAR DE LA HOYA, and JOHN and/or JANE
DOES 1 & 2,

             *Defendants*.
------------------------------------------------------------X

Case No.: 07-cv-10406

Hon. Laura T. Swain

**ORAL ARGUMENT
REQUESTED**

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT OSCAR DE LA HOYA'S MOTION TO DISMISS THE AMENDED COMPLAINT

GREENBURG GLUSKER
1900 Avenue of the Stars
Los Angeles, California 90067
(310) 201-7484

- AND -

JUDD BURSTEIN, P.C.
1790 Broadway, Suite 1501
New York, New York 10019
(212) 974-2400

*Attorneys for Defendant
Oscar De La Hoya*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................... iii

STATEMENT OF FACTS ....................................................... 1

ARGUMENT ................................................................. 4

POINT I

    PLAINTIFF'S TORTIOUS INTERFERENCE CLAIM
    MUST BE DISMISSED ................................................ 4

POINT II

    PLAINTIFF'S ALLEGATIONS OF TORTIOUS INTERFERENCE
    WITH CONTRACT FAIL TO STATE A CLAIM
    UPON WHICH RELIEF MAY BE GRANTED ............................... 7

POINT III

    PLAINTIFF'S ALLEGATIONS OF INTENTIONAL INFLICTION
    OF EMOTIONAL DISTRESS FAIL TO STATE A CLAIM
    UPON WHICH RELIEF MAY BE GRANTED ............................... 8

POINT IV

    PLAINTIFF'S DEFAMATION ALLEGATIONS FAIL TO STATE A CLAIM UPON
    WHICH RELIEF MAY BE GRANTED ..................................... 9

    A.    BECAUSE PLAINTIFF HAS NOT PLEADED SLANDER *PER SE*,
           HER SLANDER CLAIM MUST BE DISMISSED, AS
           SHE HAS FAILED TO PLEAD SPECIAL DAMAGES
           WITH THE REQUISITE PARTICULARITY ........................ 10

    B.    PLAINTIFF'S OWN PUBLICATION OF THE SUPPOSED DEFAMATION
           REQUIRES DISMISSAL OF HER CLAIM ......................... 11

    C.    THE STATEMENTS ALLEGED TO HAVE BEEN MADE
           AFTER PLAINTIFF DISAVOWED THE PHOTOGRAPHS ARE NOT
           DEFAMATORY ............................................. 12

POINT V

    PLAINTIFF'S "PRODUCT LIBEL" ALLEGATIONS FAIL TO STATE A CLAIM
    UPON WHICH RELIEF MAY BE GRANTED .............................. 13

POINT VI

    PLAINTIFF'S "DEFAMATION BY COMPELLED
    SELF-PUBLICATION"ALLEGATIONS FAIL TO STATE A CLAIM UPON WHICH
    RELIEF MAY BE GRANTED ........................................ 13

CONCLUSION ..................................................... 15

TABLE OF AUTHORITIES

CASES

*American Maintenance Bldg. Co. Of New York v. Acme Property Services, Inc.*,
  No. 1:06-CV-1366, ___ F.Supp.2d ___,
  2007 WL 2492921 (N.D.N.Y. Aug. 29, 2007) ................................. 4

*Ascione v. Pfizer, Inc.*,
  312 F.Supp. 572 (S.D.N.Y. 2004) (Marrero, D.J) ............................ 13

*Bee Publication, Inc. v. Cheektowaga Times, Inc.*,
  107 A.D.2d 382, 485 N.T.S.2d 885 (4th Dep't 1985) ......................... 12

*Berwick v. New World Network International*,
  No. 06 Civ. 2641, 2007 WL 949767 (S.D.N.Y. Mar. 28, 2007) (Koeltl, D.J.) ........ 13

*Camp Summit of Summitville, Inc. v. Visinski*,
  No. 06-CV-4994, 2007 WL 1152894 (S.D.N.Y. Apr. 16, 2007) (McMahon, D.J.) ..... 5

*Carvel Corp. v. Noonan*,
  3 N.Y.3d 182, 785 N.Y.S.2d 359 (2004) ..................................... 5

*Celle v. Filipino Reporter Enterprises Inc.*,
  209 F.3d 163 (2d Cir. 2000) ............................................... 10

*Dellefave v. Access Temporaries, Inc.*,
  No. 99 Civ. 6098, 2001 WL 25745 (S.D.N.Y. Jan. 10, 2001) (Sweet, D.J.) ...... 10, 11

*Foley v. Mobil Chemical Co.*,
  214 A.D.2d 1003, 626 N.Y.S.2d 906 (4th Dep't 1995) ......................... 9

*Guard Life Corp. v. Parker Hardware Mfg. Corp.*,
  50 N.Y.2d 183, 428 N.Y.S.2d 628 (1980) .................................... 5

*Howell v. New York Post Co., Inc.*,
  81 N.Y.2d 115, 596 N.Y.S.2d 350, 612 N.E.2d 699 (1993) ..................... 8

*J. Crew Group, Inc. v. Griffin*,
  No. 90 Civ. 2663, 1990 WL 193918 (S.D.N.Y. Nov. 27, 1991) .................. 11

*Jaffe v. National League for Nursing*,
  222 A.D.2d 233, 635 N.Y.S.2d 9 (1st Dep't 1995) ............................ 9

*Kamerman v. Steinberg,*
    891 F.2d 424 (2d Cir. 1989) .................................................. 6, 7

*Kirch v. Liberty Media Corp.,*
    449 F.3d 388 (2d Cir. 2006) ..................................................... 8

*Leibowitz v. Bank Leumi Trust Co.,*
    152 A.D.2d 169, 548 N.Y.S.2d 513 (2d Dep't 1989) ................................ 9

*Liberman v. Gelstein,*
    80 N.Y.2d 429, 590 N.Y.S.2d 857 (1992) ........................................ 10

*Metchick v. Bidermann Indus. Corp.,*
    No. 91 Civ. 2329, 1993 WL 106139 (Apr. 7, 1993) ............................... 13

*Mobile Data Shred, Inc. v. United Bank of Switzerland,*
    No. 99 Civ. 10315, 2000 WL 351516 (S.D.N.Y. Apr. 5, 2000) ...................... 4

*Murphy v. American Home Products Corp.,*
    58 N.Y.2d 293, 461 N.Y.S.2d 232 (1983) ......................................... 9

*Nunez v. A-T Financial Information Inc.,*
    957 F.Supp. 438 (S.D.N.Y. 1997) (Preska, D.J.) ................................ 11

*Riddell Sports, Inc. v. Brooks,*
    872 F.Supp. 73 (S.D.N.Y. 1995) (Leisure, D.J.) ................................. 5

*S.E.C. v. Collins & Aikman Corp.,*
    No. 07 Civ. 2419, __ F.Supp.2d __,
    2007 WL 4480025 (S.D.N.Y. Dec. 21, 2007) (Scheindlin, D.J.) .................... 6

*Van-Go Transport Co., Inc. v. New York City Board of Education,*
    971 F.Supp. 90 (E.D.N.Y. 1997) ............................................ 13, 14

STATUTES AND AUTHORITIES

Fed. R. Civ. P. 9(g) ............................................................ 1

Fed. R. Civ. P. 12(b)(6) ........................................................ 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MILANA DRAVNEL,

              *Plaintiff*,

– against –

OSCAR DE LA HOYA, and JOHN and/or JANE DOES 1&2,

              *Defendants*.
-----------------------------------------------------------X

Case No.: 07-cv-10406

Hon. Laura T. Swain

**ORAL ARGUMENT REQUESTED**

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT OSCAR DE LA HOYA'S MOTION TO DISMISS THE AMENDED COMPLAINT

Defendant Oscar De La Hoya ("Defendant") respectfully submits this memorandum of law in support of his motion, pursuant to Fed. R. Civ. P. 12(b)(6) and 9(g), to dismiss the Amended Complaint for failure to state a claim upon which relief may be granted.[1] The Amended Complaint, dated January 2, 2008, (Exhibit A to the accompanying Declaration of Judd Burstein) is an effort by Plaintiff Milana Dravnel ("Plaintiff") to meet the arguments set forth in Defendant's motion to dismiss the Original Complaint, dated November 14, 2007. As we show below, this effort was a failure.

### STATEMENT OF THE FACTS

As alleged in the Amended Complaint:

1.    From September of 2006, through May of 2007, Plaintiff and Defendant had a "personal relationship." (Amended Complaint at ¶ 12);

---

[1] This Motion is submitted contemporaneously with and as a supplement to Defendant's Motion to Compel Arbitration. Resolution of the issues raised herein will only be necessary if the Court denies the Motion to Compel Arbitration.

1

2.  During the course of their relationship, certain photographs were taken of Defendant with his consent. (Amended Complaint at ¶ 15);

3.  On or about September 16, 2007, "Plaintiff was approached to sell the photographs...." (Amended Complaint at ¶ 16);

4.  On or about September 18, 2007, Plaintiff sold the photos to x17Online ("X17") [a website] and "entered an agreement with X17 regarding the selling of additional interviews to other media outlets...." (Amended Complaint at ¶ 25);

5.  Plaintiff also entered into an agreement with R. Couri Hay Creative Public Relations, which arranged for her to give an interview to a syndicated television show. (Amended Complaint at ¶ 26);

6.  Following the television interview, Plaintiff and/or her representatives "began receiving calls from other large entertainment media groups, which ... expressed interest in interviewing Plaintiff and purchasing the photographs." (Amended Complaint at ¶ 28);

7.  In addition, R. Couri Hay Creative Public Relations was "also working on book, movie and other sponsorship deals regarding the photographs on behalf of Plaintiff." (Amended Complaint at ¶ 29);

8.  Defendant then placed pressure upon Plaintiff to cease disseminating the photographs by, *inter alia*, threatening to interfere with her citizenship and to sue her. (Amended Complaint at ¶¶ 30-31);

9.  Out of fear, Plaintiff met with two of Defendant's representatives on or about September 23, 2007. (Amended Complaint at ¶¶ 32-34); and

2

Through the use of unspecified coercive tactics, "Plaintiff felt compelled to announce [and did announce] through the media, falsely, that the photographs were fabricated, altered, and were not genuine depictions of people or events." (Amended Complaint at ¶¶ 36-40).

Based upon these factual allegations, Plaintiff urges five claims for relief:

1. A claim that Defendant tortiously interfered with the prospective media opportunities afforded by the photographs. (Amended Complaint at ¶¶ 43-47);

2. A claim that Defendant tortiously interfered with Plaintiff's contract with X17. (Amended Complaint at ¶¶ 48-51);

3. A claim that by reason of having "intimidating" and "coercing" Plaintiff to recant her claims that the photos were legitimate, Defendant intentionally inflicted emotional distress upon Plaintiff. (Amended Complaint at ¶¶ 52-56);

4. A claim that Defendant, both personally and through his agents, defamed Plaintiff by stating that the photographs were fake. (Amended Complaint at ¶¶ 57-63);

5. A claim that Defendant's public statements that the photographs were fake constituted "product libel." (Amended Complaint at ¶¶ 64-67); and

6. A claim that Defendant coerced Plaintiff into defaming herself. (Amended Complaint at ¶¶ 68-71).

# ARGUMENT

## POINT I

### PLAINTIFF'S TORTIOUS INTERFERENCE CLAIM MUST BE DISMISSED

As best we can understand it, Plaintiff does not allege that Defendant or any of his representatives communicated with any person or company with whom Plaintiff was supposedly negotiating for interviews, pictorials or the sale of her photographs. Rather, Plaintiff appears to be arguing that Defendant tortiously interfered with these prospective business opportunities by "coercing" her into publicly announcing that the photographs were fake. This claim fails for three reasons.

**First**, "[a]llegations of tortious interference must be more than just mere suspicions, and, therefore, the complaint must allege 'interference with a specific identified business relationship with a third party.'" *American Maintenance Bldg. Co. Of New York v. Acme Property Services, Inc.*, No. 1:06-CV-1366, ___ F.Supp.2d ___, 2007 WL 2492921, at *12 (N.D.N.Y. Aug. 29, 2007) (Citation omitted). As explained by Judge Scheindlin in *Mobile Data Shred, Inc. v. United Bank of Switzerland*, No. 99 Civ. 10315, 2000 WL 351516, at *7 (S.D.N.Y. Apr. 5, 2000):

> While proof of an existing contract is not necessary, the plaintiff must demonstrate interference with a specific identified business relationship with a third party. *See Business Networks of N.Y., Inc. v. Complete Network Solutions Inc.*, 696 N.Y.S.2d 433, 435 (1st Dep't 1999). Generalized allegations of impairment to plaintiff's ability to attract new business will not suffice. *See Allcar Motor Parts Corp. v. Federal-Mogul Corp.*, No. 96 Civ. 4419(JFK), 1998 WL 671448, at 6 (S.D.N.Y. Sept. 29, 1998). Because the complaint does not allege

4

any existing business relationship with a third party, MDS's claim of tortious interference with prospective business advantage must be dismissed.

Plaintiff has sought to cure a pleading deficiency in her Original Complaint by now alleging that "Playboy Magazine, Maximum Magazine, OK Magazine, and the Inquirer expressed interest in interviewing Plaintiff and purchasing the photographs." (Amended Complaint at ¶ 28). However, this allegation is not sufficient to withstand dismissal of the tortious interference claim, because the Amended Complaint does not claim that Plaintiff had an **existing** business relationship with any of these companies.

**Second**, because she has only alleged "interest" on the part of certain media companies, Plaintiff's claim must also be dismissed because, she has failed to "allege that, but for defendant's conduct, h[er] prospective business relations would have coalesced into actual contracts." *Riddell Sports, Inc. v. Brooks*, 872 F.Supp. 73, 78 (S.D.N.Y. 1995) (Leisure, D.J.); *accord Camp Summit of Summitville, Inc. v. Visinski*, No. 06-CV-4994, 2007 WL 1152894, at *15 (S.D.N.Y. Apr. 16, 2007) (McMahon, D.J.).

**Third**, the tortious interference claim fails because Plaintiff has not begun to allege, as she must, that Defendant tortiously interfered with her prospective contractual relations though "wrongful means." *Guard-Life Corp. v. S. Parker Hardware Mfg. Corp.*, 50 N.Y.2d 183, 196, 428 N.Y.S.2d 628, 636 (1980). As explained by the Court in *Carvel Corp. v. Noonan*, 3 N.Y.3d 182, 190, 785 N.Y.S.2d 359, 362 (2004), a plaintiff must allege that the defendant's conduct "amount to a crime or an independent tort" or was conduct engaged in "'for the sole purpose of inflicting intentional harm on plaintiffs....'" (Citation omitted).

5

Here, Plaintiff has failed to meet this burden. As an initial matter, Defendant's conduct could not possibly have been motivated solely by the desire to harm Plaintiff, as Defendant plainly had his own reputational interests at stake. Nor is there any adequate allegation of a tort or a crime. According to Plaintiff, Defendant did not interfere with Plaintiff's prospective business relations by communicating with third parties directly or through the media. Rather, the Amended Complaint explicitly alleges that the tortious interference was accomplished **solely** as a result of "Defendant coerc[ing] Plaintiff to state, falsely and publicly, that she could not verify the authenticity of the photographs." (Amended Complaint at ¶ 45).

Accordingly, the only possible "independent tort" allegedly committed by Defendant would be the tort of "coercion" – a tort for which Plaintiff does not seek damages. Nor could she have done so, because the tort of coercion requires proof of "(1) a threat, (2) which was unlawfully made, and (3) caused involuntary acceptance of contract terms, (4) because the circumstances permitted no other alternative." *Kamerman v. Steinberg*, 891 F.2d 424, 431 (2d Cir. 1989). On a motion to dismiss a complaint, the Court "need not accord '[l]egal conclusions, deductions or opinions couched as factual allegations ... a presumption of truthfulness.'" *S.E.C. v. Collins & Aikman Corp.*, No. 07 Civ. 2419, __ F.Supp.2d __, 2007 WL 4480025, at *3 (S.D.N.Y. Dec. 21, 2007) (Scheindlin, D.J.) (Citation omitted). Rather, in order to survive a motion to dismiss, the complaint must provide "the grounds upon which [the plaintiff's] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" (*Id.*) (Citation omitted).

6

Here, the Amended Complaint's factual allegations do not meet this standard. In the first instance, there is no adequate allegation of an unlawful threat. Rather, the "threats" alleged by Defendant were (a) "to interfere with her pending United States citizenship application", and (b) to sue her. (Amended Complaint at ¶¶ 30-31). Neither of these alleged threats – which Defendant denies having made – are unlawful. Defendant surely has the right both to bring relevant information about a citizenship applicant to the government, and certainly has the right to seek relief in the Courts. "[I]t is not duress to threaten to take action which is legally permissible." *Kamerman*, 891 F.2d at 432.

Further, there is no factual allegation in the Amended Complaint that would support the inference that "the circumstances permitted no other alternative" than for Plaintiff to recant her claim that the photographs were genuine. *Kamerman* 891 F.2d at 431. Plainly, all that Plaintiff had to do was refuse to meet with Defendant's representatives or not make the telephone call.

Thus, Plaintiff's First Claim for Relief must be dismissed.

## POINT II

### PLAINTIFF'S ALLEGATIONS OF TORTIOUS INTERFERENCE WITH CONTRACT FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

If possible, Plaintiff's tortious interference with contract claim is even more frivolous than her tortious interference with prospective economic advantage claim.

> Under New York law, the elements of tortious interference with contract are (1) "the existence of a valid contract between the plaintiff and a third party"; (2) the "defendant's knowledge of the contract"; (3) the "defendant's intentional procurement of the third-party's breach of the contract without justification"; (4) "actual breach of the contract"; and (5) "damages resulting therefrom." *Lama*

7

*Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 424, 668 N.E.2d 1370, 1375, 646 N.Y.S.2d 76, 82 (1996).

*Kirch v. Liberty Media Corp.*, 449 F.3d 388, 402 (2d Cir. 2006).

Here, Plaintiff's Second Claim for Relief alleges only that X17 rescinded its contract with Plaintiff because she had declared that the photographs were not genuine. There is no allegation by Plaintiff that, in rescinding the contract, X17 breached it. To the contrary, the Amended Complaint proceeds on the theory that X17 acted properly in light of Plaintiff's disavowal of the photographs' *bona fides*. In addition, there is no allegation that Defendant did or said anything to X17. Rather, the Amended Complaint plainly alleges that X17 terminated its contract with Plaintiff solely as a result of Plaintiff's recantation.

Thus, Plaintiff's Second Claim for Relief must be dismissed.

### POINT III

### PLAINTIFF'S ALLEGATIONS OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Plaintiff's Third Claim for Relief seeks damages for intentional infliction of emotional distress. "Under New York law, the tort of intentional infliction of emotional distress has four elements: (1) extreme and outrageous conduct; (2) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress." *Nunez v. A-T Financial Information Inc.* 957 F.Supp. 438, 442 (S.D.N.Y. 1997) (Preska, D.J.) (*Citing Howell v. New York Post Co., Inc.*, 81 N.Y.2d 115, 121, 596 N.Y.S.2d 350 (1993)). "Courts have relied on the outrageousness element

8

to set reasonable bounds on this potentially limitless tort and have required that the plaintiff allege conduct 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Id.* (*Quoting Murphy v. American Home Products Corp.*, 58 N.Y.2d 293, 303, 461 N.Y.S.2d 232 (1983)). The conduct alleged here does not approach this exacting standard.[2]

## POINT IV

### PLAINTIFF'S DEFAMATION ALLEGATIONS FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Plaintiff's Third Claim for Relief alleges that she was slandered by Defendant and his agents' oral statements to the effect that the photographs were not genuine. This claim fails for three reasons: (a) since the alleged statements by Defendant and his agents do not amount to slander *per se*, the claim must be dismissed because Plaintiff has failed to adequately allege special damages, (b) the slander claim falls of its own weight because Plaintiff herself stated publicly that the photographs were not genuine, and (c) any statements made by Defendant and

---

[2] *See, e.g., Leibowitz v. Bank Leumi Trust Co.*, 152 A.D.2d 169, 171, 548 N.Y.S.2d 513 (2d Dep't 1989) (No cognizable claim by Plaintiff who was the "only Jewish female" in her department and was frequently the subject of derogatory remarks, often being called a "Hebe" or a "kike."); *Foley v. Mobil Chemical Co.*, 214 A.D.2d 1003, 1005, 626 N.Y.S.2d 906 (4th Dep't 1995) (Despite the court's finding that defendants' alleged discrimination and sexual harassment was "wholly inappropriate" behavior, it was not sufficiently outrageous to state a cause of action for intentional infliction of emotional distress); *Jaffe v. National League for Nursing*, 222 A.D.2d 233, 233, 635 N.Y.S.2d 9 (1st Dep't 1995) ("[A] case of alleged employee harassment and intimidation, leading to forced resignation … [fell] far short of the rigorous standard of outrageous conduct necessary to maintain a cause of action for intentional infliction of emotional distress.").

his agents after Plaintiff publicly disavowed the photographs plainly were not alleging that it was Plaintiff who manipulated the photographs.

### A. BECAUSE PLAINTIFF HAS NOT PLEADED SLANDER *PER SE*, HER SLANDER CLAIM MUST BE DISMISSED, AS SHE HAS FAILED TO PLEAD SPECIAL DAMAGES WITH THE REQUISITE PARTICULARITY

Under New York law:

> [s]lander as a rule is not actionable unless the plaintiff suffers special damage. The four established exceptions (collectively "slander per se") consist of statements (i) charging plaintiff with a serious crime; (ii) that tend to injure another in his or her trade, business or profession; (iii) that plaintiff has a loathsome disease; or (iv) imputing unchastity to a woman. When statements fall within one of these categories, the law presumes that damages will result, and they need not be alleged or proven.

*Liberman v. Gelstein*, 80 N.Y.2d 429, 434-35, 590 N.Y.S.2d 857, 860-61 (1992).

The supposedly slanderous statements alleged in the Amended Complaint do not fall within any of the four categories of slander *per se*. Hence, Plaintiff is required to plead special damages. Moreover, she is also required, pursuant to Fed. R. Civ. P. 9(g), to plead such damages with particularity. She has failed to do so here, thereby requiring dismissal of her slander claim.

"Special damages consist of 'the loss of something having economic or pecuniary value which must flow directly from the injury to reputation caused by the defamation,' as distinguished from actual damages, which include additional harms such as impairment of reputation and personal humiliation." *Dellefave v. Access Temporaries, Inc.*, No. 99 Civ. 6098, 2001 WL 25745, at *2 (S.D.N.Y. Jan. 10, 2001) (Sweet, D.J.) (*Citing Celle v. Filipino Reporter Enterprises Inc.*, 209 F.3d 163, 179 (2d Cir. 2000). "[T]o satisfy the special damages requirement, 'a plaintiff must set forth an itemized account of her losses; round figures or a

10

general allegation of a dollar amount as special damages will not suffice.'" *Nunez v. A-T Fin. Info. Inc.*, 957 F.Supp. 438, 441 (S.D.N.Y. 1997) (Preska, D.J.) (Citation omitted). Absent this pleading, a complaint will be dismissed." *Dellefave*, 2001 WL 25745, at * 4.

There can be no doubt that the Amended Complaint does not meet this requirement. Rather, it alleges only that "Defendant's and his agents' defamatory statements injured Plaintiff's personal reputation and good name, to her damage, in the sum of $5,000,000." (Amended Complaint at ¶ 63).

### B. PLAINTIFF'S OWN PUBLICATION OF THE SUPPOSED DEFAMATION REQUIRES DISMISSAL OF HER CLAIM

Plaintiff's defamation claim fails by reason of another allegation in the Amended Complaint. Specifically, Paragraph 62(f) of the Amended Complaint states that she was damaged by reason of Defendant having "compelled Plaintiff to make a false statement to New York Daily News reporter" that the photographs were not genuine.

This allegation, which essentially admits that any harm suffered by Plaintiff was self-inflicted, dooms Plaintiff's defamation claim. As Judge Conboy stated in *J. Crew Group, Inc. v. Griffin*, No. 90 Civ. 2663, 1990 WL 193918 (S.D.N.Y. Nov. 27, 1991):

> Under New York law, it is well-settled that there can be no defamation without publication.... According to the general rule, if the person claiming to be defamed communicates the defamatory statements to another, no liability for any resulting damage is incurred by the originator of the statements. Thus, there is ordinarily "no publication if the defamatory statement is exposed to a third party by the person claiming to be defamed."

(Citations omitted).

11

C.  **THE STATEMENTS ALLEGED TO HAVE BEEN MADE AFTER PLAINTIFF DISAVOWED THE PHOTOGRAPHS ARE NOT DEFAMATORY**

Plaintiff's Amended Complaint alleges two types of supposedly defamatory statements: (a) those made before Plaintiff publicly stated to the *New York Daily News* that "I cannot personally verify the authenticity of the images.... These images were taken from my personal camera and were out of my control." (Amended Complaint at ¶ 62(f)), and (b) and those statements that were made after that statement.

For the reasons stated directly above, the statements allegedly made by Defendant and his agents before Plaintiff spoke with the *New York Daily News* are not actionable by reason of Plaintiff's own statement to that newspaper. As for the statements made subsequent to Plaintiff's discussion with the *New York Daily News*, they are not defamatory because they do not accuse Plaintiff of any wrongdoing. Rather, following Plaintiff's concession that the photographs were taken by third parties, any statements by Defendant that the pictures were doctored were not a statement about Plaintiff, but, rather, about a third party's conduct in doctoring the pictures. *Bee Publications, Inc. v. Cheektowaga Times, Inc.*, 107 A.D.2d 382, 384, 485 N.Y.S.2d 885, 888 (4th Dep't 1985) ("For there to be a recovery in libel it must be established that the defamation was 'of and concerning the plaintiff....'") (Citation omitted).

## POINT V

### PLAINTIFF'S "PRODUCT LIBEL" ALLEGATIONS FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Plaintiff Fifth Claim for Relief, alleges "product libel" because Defendant's alleged statements "caus[ed] injury to the value or marketability of [the] photographs." (Amended Complaint at ¶ 66). The law is clear that claims of product disparagement require allegations and proof of special damages. *See Berwick v. New World Network International*, No. 06 Civ. 2641, 2007 WL 949767, at *15 (S.D.N.Y. Mar. 28, 2007) (Koeltl, D.J.). Here, as explained above in POINT IV, *supra*, Plaintiff has failed to adequately allege special damages, thereby requiring dismissal of her Fifth Claim for Relief.

## POINT VI

### PLAINTIFF'S "DEFAMATION BY COMPELLED SELF-PUBLICATION" ALLEGATIONS FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Plaintiff also contends that she has been damaged because Defendant "coerced" her into denigrating the photos. As with her other claims, this one is meritless.

"The status of the tort of defamation by 'compelled self-publication' is, at best, unclear under New York law." *Ascione v. Pfizer, Inc.*, 312 F.Supp.2d 572, 579, n.5 (S.D.N.Y. 2004) (Marrero, D.J.). *See, e.g., Metchick v. Bidermann Indus. Corp.*, No. 91 Civ. 2329, 1993 WL 106139, at *4 (Apr. 7, 1993) (discussing uncertainty). However, even if the "compelled self-publication" theory were recognized in New York, it would be inapplicable here. As explained by the Court on *Van-Go*, a claim of "compelled self-publication" would be available only in

13

those circumstances where a plaintiff could demonstrate a "lack of control over the publication," by reason of a legal obligation to make disclosure, or the necessity of explaining to a prospective employer the reason for a past discharge. *Van-Go Transport Co., Inc. v. New York City Board of Education*, 971 F.Supp. 90, 104 (E.D.N.Y. 1997). The allegations in the Amended Complaint do not begin to meet this standard.[3]

---

[3]  Plaintiff's claim also fails because she does not allege any special damages.

14

## CONCLUSION

For the foregoing reasons, Defendant Oscar De La Hoya requests that the Court enter an Order dismissing the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 9(g).

Dated: New York, New York
       January 8, 2008

                                      Respectfully submitted,

                                      Bertram Fields, Esq.
                                      Jeffrey Spitz, Esq.
                                      GREENBERG GLUSKER
                                      1900 Avenue of the Stars
                                      Los Angeles, California 90067
                                      Tel:    (310) 201-7484

                                      JUDD BURSTEIN, P.C.

                                      By_____
                                      Judd Burstein (JB-9585)
                                      1790 Broadway
                                      New York, New York 10019
                                      Tel:    (212) 974-2400

                                      *Attorneys for Defendant Oscar De La Hoya*