To:    Honorable Laura T. Swain
       United States District Judge
Page:  1


# Strazzullo Law Firm, P.C.
### ATTORNEYS AT LAW

Salvatore E. Strazzullo
-------
Maria Patelis

100 Park Avenue
Suite 1600
New York, NY 10017
Tel: 800.476.9993
     212.551.3224
     213.926.5001
Fax: 718-259-4494


January 24, 2008


Honorable Laura T. Swain
United States District Judge
Southern District of New York
500 Pearl Street, Room 755
New York, New York  10007


Re:    *Milana Dravnel v. Oscar De La Hoya, and John and/or Jane Does 1 & 2*
       *Case No. 07-cv 10406 (LTS)*

Dear Judge Swain:

        I represent the Plaintiff Milana Dravnel in the above-referenced matter.  This
letter brief is submitted in answer to new matters raised by Defendant in his reply
memorandum dated January 2, 2008, relating to Defendant's motion to compel
arbitration.

## Misrepresentations

    Defendant has misrepresented Plaintiff's argument regarding arbitration to the Court
as follows:

1. Defendant wrongly represents that "Plaintiff's **only** argument in her answering
   papers is that the Agreement is not enforceable." Defendant's Reply
   Memorandum ("DRM") at 3.

   In fact, Plaintiff's position is that no agreement or contract was entered into,
   therefore she is not contractually bound by what is contained in the September 23,
   2007 document.  As Defendant is no doubt aware, there is a distinction between a
   contract not being formed, and a contract being unenforceable due to fraud,
   unconscionability or other invalidating grounds.  Plaintiff is arguing that no

To:　Honorable Laura T. Swain
　　　United States District Judge

Page:　2

        contract was formed.  Whether or not a contract was formed is within the sole
        purview of the Court.

2.　Defendant wrongly represents that Plaintiff conceded that arbitration of her non-
    defamation claims is required and that her defamation-based claims should be
    stayed.  DRM at 3.

    In fact, Plaintiff does not concede that any of her claims should be either stayed or
    arbitrated.

3.　Defendant wrongly represents that Plaintiff does not make any claim that the
    arbitration clause, as opposed to the entire Agreement, is unenforceable. DRM at
    6.

    In fact, Plaintiff clearly asserts that should the Court find that a contract was
    entered into, then the arbitration clause is unenforceable as it is unconscionable.
    Plaintiff makes the point, as follows:

> If the court finds a contract was formed, Ms. Dravnel should not be
> compelled to arbitration as the **agreement to arbitrate** is
> unconscionable.
> * * *
> The Court should nonetheless find that the arbitration provision is
> unconscionable, and for that reason also, **unenforceable.**

    Plaintiff's Memorandum in Opposition to Motion to Compel Arbitration, at 9
    (Emphasis added).

        Accordingly, Plaintiff claims, *first,* that the arbitration clause is
    unenforceable as it is unconscionable.  The "enforceability" of the remainder of
    the contract is not at issue at this time.  Defendant is attempting to mislead the
    Court to an improper inquiry at this point in time.  For purposes of whether
    arbitration should be compelled, Plaintiff's position is that since no meeting of the
    minds occurred, no contract was formed, and Plaintiff is not bound by anything
    contained in the September 23, 2007 document.

        *Second*, if the Court finds that a contract was formed, then for purposes of
    Defendant's Motion to Compel Arbitration, Plaintiff argued, in the alternative,
    that the arbitration provision is unconscionable.

4.　Defendant wrongly represents that Plaintiff does not dispute that the language of
    the arbitration clause covers at least some of her claims. DRM at 9.

2

To:     Honorable Laura T. Swain
        United States District Judge
Page:   3

In fact, Plaintiff asserts that the entire September 23, 2007 document does not cover any of her claims.

5.  Defendant wrongly indicated that Plaintiff claimed that the entire September 2007 agreement is unconscionable. DRM at 9.

In fact, Plaintiff is not stating – at this time - that the entire agreement is unconscionable, just that the arbitration provision is unconscionable.

Defendant very well knows the distinction, and is deliberately misleading the Court as to Plaintiff's position.

6.  Defendant states that Plaintiff requested the arbitration clause calling for arbitration in New York rather than to litigate in California. DRM at 9.

In fact, as stated by witness Rubino in his Declaration, he objected to **any** provision requiring disputes be resolved in California under California law, and that he also objected to the inclusion of **any** provision requiring that disputes be resolved in arbitration. *See* Rubino Dec. at ¶¶ 8 and 9.

**New Matters Raised**

A.      The Court Must Determine Whether An Underlying Contract Exists

In his reply papers, Defendant presents an argument, for the first time, in support of his position that the question of whether a contract was formed must be determined in arbitration.

Defendant claims that if a document references the rules of JAMS, that under those rules, the arbitrator has jurisdiction to determine whether the parties formed a contract containing an arbitration provision.

This argument flies in the face of both New York and federal Supreme Court case law that has repeatedly stated that no party may be compelled to arbitration unless the Court finds that a valid contract, which contains an arbitration agreement, has been entered into, and that the court must make that first determination. Pursuant to the United States Supreme Court in *Prima Paint,* the court must first find that an agreement to arbitrate has been made before a matter can be ordered to arbitration. Any argument going to the *making* of the agreement to arbitrate must be decided by the court. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-404, 87 S.Ct. 1801, 1806 (1967). "Only a court can make that decision." *See Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., Inc.*, 925 F.2d 1136, 1141 (9th Cir. 1991). Therefore, in this case, the court must determine whether a contract, containing an arbitration clause, was entered into. This is the court's province, not an arbitrator's.

To:   Honorable Laura T. Swain
      United States District Judge
Page:  4

Indeed, if Plaintiff claims she never entered into the underlying contract, then how could she possibly have agreed to arbitration, or arbitration pursuant to the rules of JAMS? A party contesting the making of a contract containing an arbitration clause cannot be compelled to arbitrate the threshold issue of the existence of an agreement to arbitrate.

Stated another way, only if the Court finds a contract was formed, then may the Court look to the rules of JAMS to determine the existence of an arbitration agreement within the contract or the arbitrability of a dispute between the parties.

It could not be any other way, or would lead to untenable results. For instance, under Defendant's logic, Party A could forge Party B's name onto a document that states that the rules of JAMS applied, and then Party B could be forced to litigate whether a contract was formed. Surely, this was not the courts' intentions.

In both cases cited by Defendant, *Contec Corp. v. Remote Solution, Co., Ltd.* 398 F.3d 205, 208 (2d Cir. 2005) and *Bar-Ayal v. Time Warner Cable Inc.*, No. 03 CV 9905, 2006 WL 2990032 (S.D.N.Y. Oct. 16, 2006), the court either found or presupposed the existence of an underlying agreement containing an arbitration clause. It was only after the Court found that a contract had been formed that the arbitrability of the dispute between the parties was sent to the arbitrators. In *Contec Corp.*, the court clearly found that a valid underlying contract existed that contained an arbitration clause. The court stated that it was therefore for the arbitrator to determine whether the contract and arbitration clause was applicable to the dispute between the parties. Likewise, in *Bar-Ayal*, an unpublished district court case, the court found that a contract between the parties existed and then found that the arbitrator must determine whether the dispute was arbitrable.

Defendant's argument makes no sense in light of the prevailing case law. Arbitrators derive their authority because the parties have agreed in advance to submit their grievances to arbitration. If Plaintiff never entered into a contract that contained a provision requiring her to submit her claims to arbitration through JAMS, then the rules of JAMS cannot be used to give authority to an arbitrator to decide whether or not she entered into a contract.

B.    At The Very Least, A Jury Trial Is Necessary To Determine Whether A Contract Was Formed.

Contrary to what Defendant states, the first issue to decide is whether a contract was formed on September 23, 2007, and it is the Court that must make such a decision.

4

To:   Honorable Laura T. Swain
       United States District Judge
Page:  5


     Defendant has the burden of showing that there are no material issues of fact to be tried and that he is entitled to a judgment at law compelling arbitration. *See Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd.,* 636 F2d 51, 54 (3d Cir. 1980). Plaintiff asserts that based on the case law cited and evidence presented, the Court must decide whether a meeting of the minds occurred, a contract was formed, and arbitration can be compelled. However, if the Court cannot find that a contract was formed, then pursuant to 9 U.S.C. § 4, the matter must go to a jury.

        Respectfully submitted,

        SALVATORE E. STRAZZULLO
        (SS 7419)
        *Attorney for Plaintiff Milana Dravnel*

cc:   Judd Burstein, P.C.
      Greenberg & Glusker
      *Attorneys for Defendant De La Hoya*